# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| KENNETH CLAY, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 4:07-CV-38 (CDL) |
| | * | 42 U.S.C. § 1983 |
| DOUGLAS PULLEN, Superior Court Judge, and GERALD SLY, | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Plaintiff, Kenneth Clay, presently an inmate at Coastal State Prison in Garden City, Georgia, has filed the above styled Section 1983 action against the named Defendants. Plaintiff Clay alleges that Defendants Pullen, a Superior Court Judge, and Jarrell Schley (identified by Plaintiff as "Gerald Sly"), a prosecutor with the Chattahoochee Judicial Circuit, violated his Eighth and Fourteenth Amendment rights when "all 15 years of [Petitioner's] probation" were revoked without Petitioner having been proven guilty of any underlying crime. (R-1-1). Plaintiff seeks to have the "burden that is place[d] upon me by denying my constitutional and civil rights be removed." *Id*.

## Preliminary Review

Petitioner's above styled Complaint filed under 42 U. S. C. § 1983 is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act as codified at 28 U.S.C. § 1915A(a) & (b), to wit.:

The court shall review, before docketing, if feasible or, in any

event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seek redress from a governmental entity or officer or employee of a governmental entity. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Pursuant to 28 U.S. C. § 1915 (e) (2), the court is required to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989).

### **Judicial Immunity**

A complaint should be dismissed for failure to state a claim upon which relief may be granted when it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001). A complaint fails to state a claim "when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Id.* "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial discretion. . . ." *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 1217, 18 L.Ed.2d 288 (1967). Moreover, "Judges are absolutely immune from civil liability under § 1983 for acts performed in their judicial

2

capacity. . . ." *Roland v. Phillips,* 19 F.3d 552, 555 (11th Cir. 1994); citing *Stump v. Sparkman,* 435 U.S. 349 (1978). The United States Supreme Court held in *Mireles v. Waco,* 502 U.S. 9, 11, 112 S.Ct. 286, 288 (1991):

> Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815 (1985). Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial. *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 1218 (1967) ("Immunity applies even when the judge is accused of acting maliciously and corruptly"). See also *Harlow v. Fitzgerald,* 457 U.S. 800. 815-819, 102 S.Ct. 2727, 2736-2739 (1982) (allegations of malice are insufficient to overcome qualified immunity).

Plaintiff sued the Defendant, Judge Douglas Pullen, for revoking his probation, which is a matter within Defendant Pullen's judicial capacity and within his jurisdiction. Thus, Defendant Pullen is entitled to judicial immunity.

### **Prosecutorial Immunity**

In addition, Plaintiff has sued Defendant Jarrell Schley, a prosecutor with the District Attorney's Office for the Chattahoochee Judicial Circuit. The seminal United States Supreme Court case on prosecutorial immunity is *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984 (1976). In *Imbler*, the plaintiff/prisoner alleged that the district attorney had "knowingly used false testimony and suppressed material evidence" at trial. *Imbler*, 424 U.S. at 413, 96 S.Ct. at 987. The Supreme Court held that a state prosecuting attorney acting within the scope of his duties in initiating and pursuing a criminal prosecution and in presenting the state's case, is absolutely immune from civil suit for damages for alleged

3

deprivations of the accused's constitutional rights in a §1983 action. This is the rule even though such immunity leaves the genuinely wronged criminal defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. *Id.*, 424 U.S. at 427, 96 S.Ct. at 993.

In the instant action, Plaintiff has alleged constitutional violations against Defendant Schley regarding the revocation of his probation. As these facts are directly in line with *Imbler*, Plaintiff's complaint fails to allege any specific violations against Defendant Schley that were outside the scope of her prosecutorial duties. Therefore, due to the presence of absolute prosecutorial immunity, Plaintiff has failed to state a claim for which relief may be granted against Defendant Schley.

### *Heck v. Humphrey*

Plaintiff's 42 U.S.C. § 1983 action is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Id*. at 487. When a § 1983 prisoner seeks damages, the district court must determine whether a judgment in favor of the plaintiff would necessarily render the conviction or sentence invalid. Plaintiff Clay has proffered no evidence that his underlying conviction has

4

been invalidated in any manner whatsoever. Plaintiff's Complaint should be dismissed as barred by the United States Supreme Court mandate of *Heck v. Humphrey*.

## Conclusion

Defendants Pullen and Schley should be dismissed pursuant to the provisions of 28 U.S.C. § 1915(a), as frivolous and malicious, and for seeking relief from Defendants who are immune from such relief. In addition, Plaintiff's suit should be dismissed as barred under *Heck v. Humphrey*. To dismiss Plaintiff's Complaint without extending him the opportunity to amend the same would not be error, because no amendment could overcome the Defendants' immunities and would be futile. *See Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999).

WHEREFORE, IT IS RECOMMENDED that Plaintiff's Complaint be DISMISSED for the legal causes stated. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 29th day of May, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc